No. 12,331.

Brell *v.* Town of Ovid.
(293 Pac. 961)

Decided December 1, 1930.

Mr. T. E. Munson, for plaintiff in error.

Messrs. Coen & Sauter, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

To a judgment against Peter Brell, in a suit brought by him to quiet his title to certain land and to restrain the town of Ovid from taking possession thereof, Brell sued out this writ of error.

On June 6, 1908, the Ovid Town Site Company platted

certain land in Sedgwick county into lots, blocks, avenues, streets and alleys, and on June 19, 1908, filed a map thereof for record with the county clerk and recorder. It purports to be a map of territory "proposed to be embraced in the Town of Ovid." In 1919 Brell purchased some land, a part of which, consisting of six contiguous blocks, was within the limits of the territory that had been platted by the Town Site Company. On October 14, 1925, Brell filed for record his deed, which, according to the stipulation of the parties and the findings of the trial court, vacated the plat as to all of the land owned by him, "excepting block 21, and block 28, and so much of the avenue known as Clark avenue which lies between block 28 and block 33, and Morgan avenue lying between blocks 28 and 21, and Sixth street lying between Parker avenue and blocks 16 and 21, and Sixth street lying between blocks 20 and 21, and a strip 30 feet wide on the west side of blocks 19 and 30." About seven weeks thereafter the town of Ovid was incorporated, including within its limits the land omitted from Brell's vacation deed. Thereafter Brell brought suit, under C. L. of 1921, sec. 9239, et seq., to disconnect from the incorporated town the land owned by him within the town limits. As he did not then have the required twenty acres, judgment went against him. Thereafter Brell filed for record a second vacation deed, attempting to cover the avenues, streets and alleys that already had been vacated, and also the avenues, streets and alleys that had not been vacated by the former deed. Attached to the second deed was an affidavit stating that the deed was made to correct the former deed by adding avenues, streets and alleys, "as well as other land," omitted therefrom by mistake. On September 1, 1926, Brell filed his complaint in the present suit. The trial court quieted in Brell his title to the land covered by the first vacation deed, and enjoined the town of Ovid from taking possession thereof; and quieted in the town of Ovid its fee title to the land

omitted from the first vacation deed. Brell alone complains of the decree.

1. After having filed his first vacation deed, Brell no longer owned four blocks "adjacent to each other" required by Compiled Laws of 1921, section 9074, as a condition to the vacation of avenues, streets and alleys. The second vacation deed, therefore, was void, and the trial court was right in so holding.

2. But Brell's counsel contends that there never was a dedication, either statutory or common law, of the avenues, streets or alleys; that the town of Ovid, therefore, never acquired either a fee title thereto or any easement therein; that it was not necessary to file any vacation deed; and that the avenues, streets and alleys adjacent to Brell's blocks belong to Brell, notwithstanding the invalidity of the second vacation deed. We do not agree with counsel.

Division I of chapter 173 of the Compiled Laws of 1921 relates to the incorporation of towns and cities. One section provides that upon the incorporation of a city or a town, "All avenues, streets, alleys, parks and other places designated or described as for public use on the map or plat of any city or town, or of any addition made to such city or town, shall be deemed to be public property, and the fee thereof be vested in such city or town." C. L., §8984.

Upon the incorporation of the town of Ovid, therefore, all avenues, streets, and alleys, including those involved in this suit, appearing on the map annexed to the petition for incorporation became public property, and the fee thereof became vested in the town of Ovid.

The judgment is affirmed.